[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10187
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00124-MEF-TFM-1


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

PETRONIUM BAILEY,
a.k.a. Petro Bailey,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 6, 2012)

Before CARNES, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Petronium Bailey appeals his 120-month sentence for possession with intent

to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). On appeal, he argues that the Fair Sentencing Act of 2010 ("FSA") should apply because he was sentenced after the Act's effective date. For the reasons set forth below, we vacate Bailey's sentence and remand for resentencing under the FSA.

## I.

On July 8, 2010, Bailey was indicted for distributing five grams or more of cocaine base, to which he ultimately pleaded guilty. At his sentencing hearing, held January 6, 2011, Bailey argued that the court should sentence him under the FSA. The court overruled the objection, applied the pre-FSA version of 21 U.S.C. § 841, and sentenced Bailey to the applicable statutory mandatory minimum sentence of 120 months' imprisonment.

## II.

We review *de novo* the application of law to a sentencing issue. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010). Prior to August 3, 2010, a defendant who possessed at least five grams of a mixture and substance containing cocaine base, and had a prior conviction for a felony drug offense, was subject to a mandatory minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (Aug. 2, 2010). The FSA, enacted August 3, 2010, raised the

quantity of cocaine base necessary to trigger the 10-year mandatory minimum sentence for a defendant previously convicted of a felony drug offense from 5 grams to 28 grams.  Pub. L. No. 111–220, 124 Stat. 2372 (2010), *codified at* 21 U.S.C. § 841(b)(1)(B)(iii).  No mandatory minimum sentence exists where a defendant possessed less than 28 grams of cocaine base.  *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2330, 183 L.Ed.2d 250 (2012).  In *Dorsey*, the Supreme Court held that the FSA applied to offenders who committed their offenses before August 3, 2010, but who were sentenced after that date.  567 U.S. at ___, 132 S.Ct. at 2326.

The district court erred in not applying the FSA when sentencing Bailey. Defendants who were sentenced after the FSA's enactment on August 3, 2010, are to be sentenced under the FSA even if they committed their offense before that date.  *See id.*  Bailey was sentenced after August 3, 2010, on January 6, 2011. Therefore, the district court erred in refusing to sentence him under the FSA.  *See id.*

For the foregoing reasons, we vacate Bailey's sentence and remand the case for resentencing under the FSA.

**VACATED AND REMANDED.**

3